UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ELIZABETH A. KENNEDY,

                Plaintiff,

    -against-

RICHARD ECHEVARRIA and
ASTRAZENECA L.P.,

                Defendants.
----------------------------------------------------------------X

ORDER

10-CV-5687 (JG)

JOHN GLEESON, United States District Judge:

        This case, originally removed from New York state court, is a diversity action alleging sexual harassment against the plaintiff. Throughout the case, plaintiff's counsel has failed to properly represent his client, as evidenced by, among other things, the fact that he has regularly failed to comply with deadlines without explanation to the Court. I now dismiss the case for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

## BACKGROUND

        The case was brought to this Court on December 8, 2010, and on December 21, 2010, I conducted a premotion conference on the defendants' anticipated motion to dismiss. At the conference, plaintiff's counsel requested permission to amend the complaint. I instructed him to amend the complaint by January 7, 2011, or to inform the Court that he had declined to amend the complaint.

        By January 8, 2011, counsel had failed to either file an amended complaint or inform the Court that he had decided against an amendment, and five days later defense counsel requested permission to file a motion to dismiss the original complaint. The next day, counsel requested and received an extension of time to file, and he was instructed to inform the Court on or before January 31, 2011 as to whether he had decided to file an amended complaint. Counsel

again failed to either file an amended complaint or inform the Court that he would not be filing one, so on February 2, 2011 I permitted the defendants to file their motion to dismiss.

On February 11, 2011, the motion to dismiss was filed pursuant to my February 2, 2011 order, which set an opposition date of February 28, 2011. Counsel for the plaintiff neither filed opposition papers nor requested an extension from the Court. Accordingly, on March 29, 2011, more than a month after the opposition brief was due, I ordered the plaintiff to show cause on or before April 1, 2011, why the motion to dismiss should not be granted as unopposed and/or the case dismissed for failure to prosecute.

On April 1, 2011, counsel submitted a letter in response to my order to show cause. In addition to claiming that his client had been difficult to reach for various reasons, he wrote:

> [M]y schedule was unusually hectic until approximately mid-February. I did telephone defense counsel a couple of weeks ago to inform of my inability to meet with my client (I have been in Albany since Wednesday for NY State Bar Association meetings so I can't say exactly when the call was made) and after receiving no reply realized that I should have informed the court. I hope the court and counsel accept my apologies for not doing so.

Docket No. 11. He then requested an additional three weeks in which to file opposition papers.

On April 8, 2011, I held a status conference on the motion to dismiss, the relevant portion of which is excerpted below:

> The Court: What is going on?
>
> Counsel: I guess, a confluence of events. The chief problem has been my client's psychiatric condition. I made numerous appointments, contacts with her. We both happened to have Gmail or Google chats. There will be an indication she's online and [I'll] say, you got to come in and I will speak to you, and then the indicator goes to off.
>
> The Court: W[hen] were you going to get around to telling me about it, [were you] waiting for an order to show cause why I should[n't] dismiss

> the [case]? You left unanswered a dispositive motion. If I didn't reach out for you, what would happen?
>
> Counsel: I don't have a good excuse. All I could do is apologize.

Tr. at 2. Counsel then requested that I issue a "conditional order to dismiss that gives a little bit of time for me to respond to give her one last chance." *Id.* at 2-3. The defendants opposed counsel's request, and I took the request under advisement.

Five days later, I granted counsel's April 1, 2011 motion seeking an additional three weeks in which to oppose the defendants' motion to dismiss. In that order I informed counsel that if he failed to file opposition papers on or before May 4, 2011, the case would be dismissed. After yet another extension, requested and received on May 5, 2011 (one day after the deadline I imposed on April 13), the allotted time expired on May 11, 2011, without a filing from the plaintiff. I received letters from counsel for both sides on May 12, 2011; defense counsel requested that the motion be granted as unopposed, and plaintiff's counsel responded with yet another untimely request for an extension.

For the reasons stated below, I deny the plaintiff's request for an extension, deny defense counsel's request as moot, and dismiss the case for want of prosecution.

DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir.1995). Although dismissal is "a harsh remedy and appropriate in only extreme situations," *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996), courts have repeatedly found that "[d]ismissal of an action is warranted when a litigant . . . fails to comply with legitimate court directives. . . ." *Davin v. WHM, LLC*, 2011 WL 1459678, at *2 (E.D.N.Y. April 15, 2011).

In considering whether to dismiss a case for want of prosecution, I must evaluate whether:

> (1) [T]he plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) . . . lesser sanctions [would effectively resolve the problem].

*United States ex rel. Drake v. Norden Sys.*, 375 F. 3d 248, 254 (2d Cir. 2004). "No one factor is dispositive, and ultimately [courts] must review the dismissal in light of the record as a whole." *Id.*

This case is ripe for dismissal for want of prosecution. The plaintiff has repeatedly disregarded court orders, and each of the five listed factors weighs to some degree in favor of dismissal.

As to the first prong, counsel's failure to prosecute has caused a delay of months, both prior to the filing of the motion to dismiss and in awaiting his opposition brief. The defendants requested permission to file their motion to dismiss on December 15, but could not file it until nearly two months later due to the plaintiff's unexcused delays relating to a possible amended complaint. Plaintiff's counsel has now delayed the motion practice by an additional four months, and in his last filing he requested a further extension to May 20, 2011. I have no reason to believe that on May 20 (or later) counsel would not have requested yet another extension. This factor weighs in favor of dismissal.

Second, counsel has also received several warnings that his delays could result in the dismissal of this action for want of prosecution. His first warning came from my March 29, 2011 order to show cause, which instructed him to show cause why the case should not be dismissed for failure to prosecute. He was further warned by my and the defendants' repeated

notifications that failure to submit an opposition brief could or would result in dismissal. Since my first warning, counsel has asked for at least two further extensions and has missed at least one deadline without explanation.

Third, counsel's consistent failure to comply with court-imposed deadlines is prejudicial to the defendants in that it makes it difficult for them to effectively and efficiently defend against the case. Further, each extension request or failure to respond necessitates a response from defense counsel, thereby adding unnecessary fees to defendants' legal bills. This is unfair to both the defendants and their counsel, and given counsel's letter dated May 12, 2011 -- requesting yet another extension -- and the subsequent lack of activity on the docket, it shows no signs of ceasing in the foreseeable future. This factor weighs in favor of dismissal.

Fourth, I see no immediate congestion-related reason to dismiss this particular case. However, counsel has shown a consistent willingness to disregard the Court's schedule without previously informing the Court, and there is no sign that behavior will end.

Finally, I have considered other options for sanction, but I determine that no lesser sanction will adequately resolve the prejudice to the defendants and remove the uncertainty from the court's calendar.

## CONCLUSION

The case is dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. Plaintiff's counsel is directed to serve a copy of this order on the plaintiff, and to file an affidavit of service on or before June 17, 2011.

So ordered.

JOHN GLEESON, U.S.D.J.

Dated: Brooklyn, New York
      June 6, 2011